IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES E. TOLLIVER, #41452**                                                  **PLAINTIFF**

v.                                                    CIVIL NO. 1:20-cv-203-HSO-JCG

**"UNKNOWN" HENDERSON, Lt. (Disciplinary Officer)**         **DEFENDANT**

## ORDER DISMISSING PLAINTIFF'S COMPLAINT

This matter is before the Court sua sponte. Pro se Plaintiff Charles E. Tolliver ("Tolliver"), an inmate of the Mississippi Department of Corrections, is currently incarcerated at the South Mississippi Correctional Facility ("SMCI") in Leakesville, Mississippi, and brings this Complaint pursuant to 42 U.S.C. § 1983. Compl. [1] at 1. Tolliver is proceeding *in forma pauperis*. *See* Order [5]. The named Defendant is "Unknown" Henderson, disciplinary officer at SMCI. Compl. [1] at 1-2. The Court, having liberally construed Plaintiff's Complaint [1] and Response [7], finds that this case should be dismissed.

### I. BACKGROUND

On January 19, 2020, Tolliver received Rule Violation Report ("RVR") #01881621 "for being in a restricted or unauthorized area." Compl. [1-1] at 1, 4; Pl.'s Resp. [7] at 1. Tolliver complains that (1) there was no investigation of the RVR, (2) the RVR was not initialed at the top left corner by a Unit Administrator or designee, (3) he was not given an opportunity to testify at the disciplinary hearing, (4) the RVR was not heard within seven days, Compl. [1] at 4, and (5) the RVR was given to him without being completed, Pl.'s Resp. [7] at 1. Tolliver states that he

was found guilty by the disciplinary hearing officer "as soon [as he] walk[ed] in the room."  Compl. [1-1] at 1.  As a result of being found guilty of RVR #01881621, Tolliver lost privileges for 30 days.   Pl.'s Resp. [7] at 1.  Tolliver's appeal of this RVR was denied via the prison grievance system.  Compl. [1-1] at 5.

Tolliver complains that Defendant Henderson violated his right to due process because he was not given an opportunity to testify.  Compl. [1] at 4.  Tolliver seeks relief in the form of the dismissal and expungement of the RVR and "[f]or the Commissioner to appoint a disciplinary officer trained for the position."   *Id*.

## II.  DISCUSSION

The Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis* in this Court.  28 U.S.C. § 1915(h).  The PLRA provides in part that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Since Tolliver is a prisoner proceeding *in forma pauperis*, his Complaint is subject to the case screening procedures set forth in the PLRA.

Tolliver claims that his constitutional right to due process was violated because (1) an investigation of RVR #01881621 was not conducted, (2) RVR #01881621 was not initialed in the top left corner by a Unit Administrator or designee, (3) he was not allowed to testify at the disciplinary hearing for RVR #01881621, (4) RVR #01881621 was not heard within seven days,  Compl. [1] at 4,

2

and (5) RVR #01881621 was given to him without being completed, Pl.'s Resp. [7] at 1.

To have a due process claim relating to a disciplinary action, Tolliver must have a constitutionally protected liberty interest at stake. *See Sandin v. Conner*, 515 U.S. 472, 481-84 (1995). In the prison context, a constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484-85 (finding the discipline of inmates by prison officials is consistent with the expectations of the sentence imposed by a court of law). Privilege restrictions are "merely changes in the conditions of [Plaintiff's] confinement and do not implicate due process concerns." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *see Lewis v. Dretke*, 54 F. App'x 795, 2002 WL 31845293, at *1 (5th Cir. 2002) (finding restrictions on commissary, telephone, recreation, and library privileges as well as attendance at religious services, along with 15 days of solitary confinement, resulting from allegedly false disciplinary charges does not implicate due process).

Since privilege restrictions do not rise to the level of a due process violation, Defendant Henderson did not violate Tolliver's due process rights. Therefore, Tolliver's complaints regarding RVR #01881621 for being in a restricted or unauthorized area are legally frivolous. *See, e.g.*, *Lewis*, 2002 WL 31845293, at *1 (finding inmate's due process claims related to prison disciplinary action frivolous).

### III.  CONCLUSION

Based on the foregoing, this civil action will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 20th day of January, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE